IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARLES D. GRISSOM, JR.                                                    PLAINTIFF

v.                    Civil No. 4:09-cv-04054

RON STOVALL, Sheriff, Miller
County, Arkansas; CHARLES NEFF,
Warden, Miller County Correctional
Center; and MAJOR G. TURNER,
Miller County Correctional Center                                        DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Charles D. Grissom, Jr. (hereinafter Grissom), filed this action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

On December 10, 2009 (Doc. 16, Doc. 17 & Doc. 18), Defendants filed a motion for summary judgment. On December 16, 2009, an order (Doc. 19) was entered directing Grissom to complete an attached notice regarding the summary judgment motion. The notice required Grissom to state whether he would file a response to the summary judgment motion on his own or was requesting the Court's assistance by the preparation of a questionnaire.

Grissom was directed to return the attached notice by January 11, 2010. Grissom was advised (Doc. 19) that if he failed to return the attached notice by January 11, 2010, the case would be subject to summary dismissal for failure to obey the order of this Court and failure to prosecute this action.

To date, Grissom has not returned the notice. He has not requested an extension of time to file the notice.

The Court's order and attached notice have been returned as undeliverable. Grissom was advised when he filed the case that he had an obligation to keep the Court informed of any changes in his address. Rule 5 of the Local Rules for the Eastern and Western Districts of Arkansas.

I therefore recommend that this case be dismissed based on Grissom's failure to obey the order of the court and his failure to prosecute this action. Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of January 2010.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE